*2 ORDER
(Petition Denied)
AMANDA L. ROCKMAN, Interim Chief Judge.
INTRODUCTION
This case concerns whether the petitioner can access monies from the Children’s Trust Fund (hereinafter CTF) to pay for costs associated with an automobile, by paying off the existing principal and interest on an existing car loan. The Court employs the standard enunciated in the Per Capita Distribution Ordinance (hereinafter Per Capita Ordinance), § 12.8c to assess the merit of the petitioner’s request. The analysis and holding of the Court follow below.
PROCEDURAL HISTORY
The petitioner, Tasha Hand, initiated the current action by filing the January 31, 2011 Petition for Release of Per Capita Distribution (hereinafter Petition). Consequently, the Court issued a Summons accompanied by the above-mentioned Petition on the same date, and served the documents upon the respondent’s representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ),[1] by personal service as permitted by HCN R. Civ. P. 5(C)(1). The Summons informed the respondent of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The respondent, by and through, DOJ Attorney Paul Rosheim, filed a timely February 10, 2011 Answer, requesting that the Court schedule the matter for a Fact-Finding Hearing. See Respondent’s Answer at 8.
In response, the Court mailed Notice(s) of Hearing to the identified parties on February 28, 2011, informing them of the date, time and location of the Fact-Finding Hearing. The Court convened the Hearing on March 22, 2011 at 1:30 p.m. CST. The following parties appeared at the Fact-Finding Hearing: Tasha Hand, petitioner, and DOJ Attorney Paul Rosh-eim, respondent’s counsel. On April 19, 2011, the petitioner submitted successive forms of documentation regarding income, monthly expenses, and vehicle pay off balance.
APPLICABLE LAW
PER CAPITA DISTRIBUTION ORDINANCE, 2 HCC § 12
Subsec. 8. Minors and Other Legal Incompetents.
a. The interests of minors and other legally incompetent Members, otherwise entitled to receive per capita payments, shall, in lieu of payments to such minor or incompetent Member, be disbursed to a Children’s Trust Fund which shall establish a formal irrevocable legal structure for such CTFs approved by the Legislature as soon after passage of this Ordinance as shall be practical, with any amounts currently held by the Nation for passage for the benefit of minor or legally incompetent Members, and all additions thereto pending approval and establishment of such formal irrevocable structure, to be held in an account for the benefit of each such Member-beneficiary under the supervision of the Trial Court of the Nation. Trust assets of such CTFs shall be invested in a reasonable and prudent manner, which *3 protects the principal and seeks a reasonable return.
b. Education Criterion.
(1) The trust assets of each such account maintained for a minor shall be disbursed to the Member-beneficiary thereof upon the earlier of (i) said Member-beneficiary meeting the dual criteria if [sic ] (a) reaching the age of eighteen (18) and (b) producing evidence of personal acquisition of a high school diploma to the Department of Enrollment (HSED, GED or any similar substitute shall not be acceptable), or (ii) the Member reaches the age of twenty-five (25); provided that this provision shall not operate to compel disbursement of funds to Members legally determined to be incompetent. In the event a Member, upon reaching the age of eighteen (18) does not produce proof of personal acquisition of a high school diploma, such Member’s per capita funds shall be retained in the CTF account and any and all per capita distributions payable to said Member after reaching age 18 will be added to such fund and not be paid to the Memberf,] and the CTF account and [sic ] shall be held on the same terms and conditions applied during the Member-beneficiary’s minority until the earliest to occur: (1) the Member produces the required diploma; (2) the Member reaches the age of twenty-five (25); or (3) the Member is deceased.
(2) Transition Rule. The following rule pertains to Tribal Members who reached age eighteen (18) on or before November 1, 2000 and have not received their CTF account due to failure to meet the graduation requirement shall [sic] receive the quarterly or other periodic per capita distributable to them with respect to all per capita payments made on or before November 1, 2001; after which periodic payments shall be added to their CTF account until they qualify for the distribution of the CTF by virtue of the provisions of paragraph 8b, above.
c. Funds in the CTF of a minor or legally incompetent Member may be available for the benefit of a beneficiary’s health, education, and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement programs, and upon a finding of special need by the Ho-Chunk Nation Trial Court. In order to request such funds, the following provisions apply:
(1) A written request must be submitted to the Trial Court by the beneficiary’s parent or legal guardian detailing the purpose and needs for such funds.
(2) The parent or legal guardian shall maintain records and account to the Trial Court in sufficient detail to demonstrate that the funds disbursed were expended as required by this Ordinance and any other applicable federal law.
(3) Any other standards, procedures, and conditions that may be subsequently adopted by the Legislature consistent with any applicable federal law shall be met. HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
(2) Summons—The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Answer is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of the parties. The Summons shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
*4 (C) Methods of Service of Process.
(1) Personal Service. The required papers are delivered to the party in person by the bailiff, or when authorized by the Court, a law enforcement officer from any jurisdiction, or any other person not a party to the action who is eighteen (18) years of age or older and of suitable discretion.
(8) After the first successful service of process, the Court and the parties will then perform all written communications through regular mail at that address. Therefore, each party to an action has an affirmative duty to notify the Court, and all other parties, of a change in address within ten (10) calendar days of such change.
Rule 23. Naming Parties.
Every' action shall be brought in the name of the real party in interest, however, a guardian, trustee or other person in a fiduciary position may sue in his/her own name without joining the party for whose benefit the action is maintained. Matters with minors and incompetents as parties shall be filed using only initials and date(s) of birth.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend, or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity which prevented a party from receiving a fair trial or a substantial legal error which affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file á Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the *5 judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(D) Erratum Order or Reissuance of Judgment. Clerical errors in a court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons; (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; or (2) fraud, misrepresentation or serious misconduct of another party to the action; or (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii); did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Ho-Chunk Nation Supreme Court. The Appeal must comply with the Ho-Chunk Nation Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the HCN Rules of Appellate Procedure.
FINDINGS OF FACT
1. The parties received proper notice of the March 22, 2011 Fact-Finding Hearing.
2. The petitioner, Tasha Hand, is member of the Ho-Chunk Nation, Tribal ID No.: 439A004607, but has not received the balance in her CTF account due to a failure to satisfy the graduation requirement found in the Per Capita Ordinance, § 12.8b(l). The petitioner maintains a residence at 530 Washington Ave., Apt. 1, Wisconsin Dells, WI 53965. Pet. at 2.
3. The respondent, Ho-Chunk Nation Office of Tribal Enrollment, is a sub-entity of the Ho-Chunk Nation, a federally recognized Indian tribe with principal offices located on trust lands at the Ho-Chunk Nation Headquarters, W9814 Airport Road, P.O. Box 667, Black River Falls, WI 54615.
4. The petitioner remains ineligible to receive quarterly per capita payments since attaining the age of majority on August 7, 2006. See Per Capita Distribution Ordinance, § 12.8b(2).
5. The petitioner requested a release of CTF monies for costs associated with paying off an outstanding automobile loan.
Capital Auto Credit $6,337.45
3100 E. Washington Ave.
Madison, WI 53704
6. The petitioner currently finances a 2001 Ford Windstar with approximately 140,000 miles. Finding of Fact Hr’g (LPER at 2, Mar. 22, 2011, 01:35:34 CST).
7. The petitioner does not currently have a valid driver’s license. Id. at 3, 01:36:21 CST.
8. The van is not insured, and the petitioner is unable to obtain automobile insurance quotes because she does not have a *6 valid driver’s license. Id.; Apr. 19, 2011 Correspondence at 3.
9. The petitioner requested a release of CTF monies for costs associated with the pay off of an automobile in order to have transportation to work, to assist with household duties, and to get her minor child to her doctor’s appointments. LPER at 2, 01:34:07; 01:50:30 CST. The petitioner is the only individual in the household with a vehicle. Id. at 6, 01:50:27 CST.
10. One of the petitioner’s minor children must go to semi-annual checkups at the UW Madison Children’s Hospital, due to a previous serious illness. Id. at 6, 01:49:23 CST.
11. The petitioner currently resides with her mother and two (2) minor children. Id. at 3, 01:38:13, 01:38:20 CST.
12. The petitioner’s only source of income is through her recent employment with Holiday Inn Express in Wisconsin Dells. Id. at 3, 01:37:47 CST. She earns $8.00 per hour and works approximately forty (40) hours per week. Id,
13. The petitioner does not currently receive child support from the children’s father, who was recently deported to Mexico. Id. at 4, 01:41:09 CST.
14. The petitioner’s income is insufficient to cover her monthly living expenses including rent, car payment, cell phone, cable and internet, and hospital bills. Ms. Hand is currently receiving state assistance through WIC and Foodshare. Id. at 8, 01:55:39 CST.
15. The Court finds that no tribal funding source or state or federal public entitlement programs exist to cover the above-enumerated costs.
16. The Office of Tribal Enrollment stated that the petitioner should have valid driver’s license and car insurance prior to releasing CTF monies for the payoff of the automobile. Id. at 10, 02:00:24 CST.
DECISION
The Court applies a four-part test when determining the circumstances under which it would grant a release of monies from the CTF account of a tribal member. See In the Interest of Minor Child(ren): V.D.C., DOB 10/03/84, et al., by Debra Crowe v. HCN Office of Tribal Enrollment, CV 00-25 (HCN Tr. Ct., Apr. 6, 2001) at 7 (citing In the Interest of Minor Child: S.D.S., DOB 04/25/83, by Michelle R. DeCora v. HCN Office of Tribal Enrollment, CV 00-35 (HCN Tr. Ct., May 4, 2000) at 7). The Court derived the four-part test from language appearing in the Per Capita Ordinance, § 12.8c. Crowe, CV 00-25 at 7. First, the Court may only grant a release for the benefit of a beneficiary’s health, education, or welfare. Second, any such benefit must represent a necessity, and not a want or desire. Third, the parent or guardian must demonstrate special financial need. Finally, the petitioner must provide evidence of exhaustion of tribal funds and public entitlement programs. Id. at 8.
The Court closely examines each Petition for Release of Per Capita Distribution in fulfillment of its statutory obligation to supervise the CTF accounts. Per Capita Ordinance, § 12.8a. The Court performs this supervision against the backdrop of federal enabling legislation. Specifically, the Indian Gaming Regulatory Act requires that parents or guardians receive per capita monies “in such amounts as may be necessary for the health, education, or welfare, of the minor.” Indian Gaming Regulatory Act, 25 U.S.C, § 2710(b)(3)(C) (emphasis added). The Court has focused upon this limitation in developing its case law, announcing basic principles and rudimentary understandings *7 that have guided it through a variety of requests.
As stated above, the Indian Gaming Reg. ulatory Act assumes that only a parent or guardian would need to seek access to trust monies since competent adults would ordinarily receive such funds upon regular distribution. However, the Ho-Chunk Nation Legislature mandates retention of the corpus of a CTF until an adult member obtains either a high school diploma or the age of twenty-five (25) years. Per Capita Ordinance, § 12.8b(l). The Legislature erected the graduation requirement in response to an actual and/or perceived drop in the graduation rate of Ho-Chunk youth. See Marvel J. Cloud v. HCN Office of Tribal Enrollment, CV 01-34 (HCN Tr. Ct., July 10, 2001) at 9. In doing so, the Legislature directed that the CTF monies “shall be held on the same terms and conditions applied during the Member-beneficiary’s minority.” Per Capita Ordinance, § 12.8b(l) (emphasis added).
Importantly, the Legislature did not require identical treatment in regards to the occasional release of such funds. The Court still applies the four-part test, but more strictly. Essentially, “the Court must not undermine [the] intent [of the graduation requirement] by unduly approving releases from the CTF of adult members who have failed to attain a high school diploma. Otherwise, the Court would strip the legislation of its only inducement, ie., no high school diploma, no CTF.” In the Interest of Adult CTF Beneficiary: Renata White, DOB 02127/81 v. HCN Office of Tribal Enrollment, CV 01-75 (HCN Tr. Ct., Oct. 16, 2001) at 10.
However, the petitioner’s request differs from a typical adult petition because she bases the request on the purported needs of her minor child. The Court recognized in a similar case that a “newborn child’s health, education and welfare become inextricably intertwined with that of the minor parent’s.” In the Interest of Minor Child: S.S., DOB 07/30/82, by Sharon A. Porter v. HCN Office of Tribal Enrollment, CV 99-76 (HCN Tr. Ct., Dec. 27, 1999) at 5. In this case, the petitioner has reached the age of majority, but the needs of the children still represent the needs of the adult. The Court consequently focuses both on the health, education and welfare of the petitioner and the minor children. This methodology will likely foster greater access to one’s CTF account, but unlike the above discussion, the Court does not believe that the more relaxed approach will influence a tribal member’s family planning or potential marital decisions.
The Court shall now address the request presented by the petitioner for financial assistance, by paying off the existing principal and interest on an existing car loan. In addition to the aforementioned four (4) prong test, a petitioner must demonstrate the following preliminary evidentiary showing for an automobile purchase: the lack of a reliable vehicle; the possession of a valid driver’s license; the anticipated purchase; the vehicle’s odometer reading; the presentation of a complete sales quotation; the vehicle’s VIN Number; the presentation of a complete sales quotation; the provision of a vehicle photograph; the indication of a Kelley Blue Book retail value; and an automobile insurance quote. In the Interest of Minor Child: S.S., DOB 07/30/1982, by Sharon A. Porter v. Office of Tribal Enrollment, CV 99-76 (HCN Tr. Ct., Dec. 27, 1999) at 6-7. Furthermore, the requested purchase must also represent a commercially reliable vehicle, ie., less than six (6) years old with an odometer reading of less than 75,000 miles. See In Re: L.L.L. by Helen Littlesoldier v. HCN Enrollment Dep’t, CV 97-03 (HCN Tr. *8 Ct., Mar. 11, 1997) at 2. The petitioner fails to demonstrate a preliminary evi-dentiary showing.
Specifically, the petitioner requests the release of $6,387.45, from her CTF account to pay off the existing principal and interest on a 2001 Ford Windstar with 140,000 miles. The vehicle is not commercially reliable, since it is over six (6) years old and has significant mileage. Furthermore, the petitioner fails to provide automobile insurance quotes due a lack of driver’s license. The Court cannot justifiably release monies from a CTF account to pay for an uninsured vehicle.[2]
BASED UPON THE FOREGOING ANALYSIS, the Court denies the petitioner’s request to pay for costs associated with an automobile, by paying off the existing principal and interest on an existing car loan. The petitioner has not demonstrated the necessary facts, and therefore the Court denies the request for a release of CTF monies for the pay off of a vehicle. The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN It. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “tajny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rides of Apel-late Procedure [hereinafter HCN R.App. P], specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.

. The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. Pi) permit the Court to serve the Complaint upon the DOJ when the plaintiff/petitioner names as a party a unit of government or enterprise. HCN R. Civ. P. 27(B).

. The Court will not encourage noncompliance with applicable state laws; Wisconsin law requires all vehicles be insured. See Wis. Stat. § 344.62(1).